JOHN W. STODDARD ET AL. V. WINFIELD McLANE ET AL.

*Transfer of personalty in fraud of execution creditors.*

1. A bill in equity will hardly lie to set aside as fraudulent conveyances of personalty on which complainant has levied attachment and execution. But if it would, it would be demurrable for failing to aver that the goods levied on are the same as those conveyed, and that complainant has obtained a lien on them.

2. Liens obtained on personalty by levy of execution do not in general require the aid of equity to enforce them, and transactions alleged to be fraudulent as against them are properly investigated in courts of law.

Appeal from Branch.  (Pealer, J.)   Jan. 7.—Jan. 21.

BILL to set aside fraudulent conveyances of personalty. Complainants appeal.   Affirmed.

*Barlow & Loveridge* for complainants.

*Frank L. Skeels* and *Jno. B. Shipman* for defendants. Litigation over personalty should be at common law : *Teft v. Stewart* 31 Mich. 371 ; *Hagenbuch v. Howard* 34 Mich. 1 ; *Mears v. Howarth* id. 19.

COOLEY, C. J.   This is a bill in equity, the purpose of which seems to be to set aside fraudulent conveyances of personal property by the debtors.

The bill avers that on January 14, 1884, the complainants obtained judgment against the defendants McLane and Wesson, for a sum named, in a suit commenced by attachment, and took execution on the judgment.   Incidentally it appears elsewhere in the bill, though the fact is not expressly averred, that a levy has been made by virtue of this execution.

The bill further avers that previous to the rendition of the judgment said McLane and Wesson, composing the firm of McLane & Wesson, were owners of certain articles of personal property which are particularly described, and that said McLane & Wesson severally gave mortgages to their

wives on their several interests "in the stock of goods then held" by the firm, which mortgages were fraudulent, and made with the intent to hinder, delay and defraud creditors; and that they afterwards sold the stock to the defendant Woodworth subject to the payment by him of the mortgages, and that this sale was also fraudulent and void.

The bill prays that the mortgages and sale be set aside; that a receiver of the property be appointed, and that complainants be authorized to proceed on their execution, or on a new one, to sell the said goods and chattels for the satisfaction of their judgment.

The bill was demurred to and the demurrer sustained. Complainants elect to stand by their bill, and have brought the case to this Court on the demurrer.

On formal grounds at least the bill is defective. It does not distinctly aver that the property which was mortgaged and afterwards sold to Woodworth was the same property which was attached in the suit, or the same which was levied upon by virtue of the execution. The bill affords ground for an inference to that effect, but nothing more. It should have shown distinctly that complainants had obtained a lien on the property affected by the fraudulent transactions; and then a court of equity might with some plausibility have been appealed to, to set the fraudulent transactions aside.

But we must not be understood as holding that the bill could be sustained if good in form. In general, liens obtained by the levy of executions on personalty do not require the aid of equity for their enforcement, and alleged fraudulent transactions which affect them are best investigated in the courts of law.

The decree must be affirmed.

The other Justices concurred.