PEGG *v.* PEGG.

1. HUSBAND AND WIFE—TENANCY BY ENTIRETY—JOINT TENANTS.
   By a deed from husband to wife of a half interest in real property owned by him, a tenancy in common is created, that is not enlarged by a clause between the granting and the habendum clause, stating that the object of the deed is to create an estate by the entirety with full rights of survivorship.

2. SAME.
   At common law it was necessary to observe the unities of time, title, interest and possession in creating an estate by the entirety.

Appeal from Grand Traverse; Mayne, J. Submitted January 18, 1911. (Docket No. 101.) Decided March 31, 1911.

Bill by Mary C. Pegg against John Pegg, James Pegg, William Pegg, Mary Pegg, and Sarah Nichols to quiet title. From an order overruling a demurrer to the bill of complaint, defendants appeal. Reversed.

*Covell & Cross,* for appellants.

*Pratt & Davis,* for appellee.

BIRD, J.   The bill of complaint in this cause calls for
the construction of a deed made by Davis Pegg to Mary
C. Pegg, the complainant.   Davis Pegg was the husband
of complainant, and in the year 1897 he conveyed to her,
by warranty deed in the usual form, an undivided one-
half interest in and to the following described premises:

"The west half (W. ½) of the southeast quarter (S. E.
¼) of section three (3), and the west half (W. ½) of the
northeast quarter (N. E. ¼) of section ten (10), in Grand
Traverse county."

In the deed, between the granting and the habendum
clauses, is inserted the following clause:

"The object and purpose of this deed is to convey to
said second party such an interest in said land that the
parties hereto will have an estate in entirety, and that the
same shall survive and vest in the survivor as a full and
complete estate."

The deed was recorded in 1901, and in 1902 Davis Pegg
died.   Complainant is in possession of the premises, and
claims title thereto on the theory that she and her hus-
band owned the premises as tenants by entirety, and, she
being the survivor, she takes the whole.   It is claimed by
the defendants, who are brothers and children of deceased
brothers of Davis Pegg, that Davis Pegg and complain-
ant were the owners of the premises as tenants in com-
mon, and that upon his decease an undivided one-half of
the premises descended ·to them.   The defendants de-
murred to the bill, and the trial court made an order over-
ruling it, and they have appealed from that order.

Davis Pegg conveyed an undivided one-half interest in
said premises to complainant.   He retained an undivided
one-half interest therein.   After this was done they had
distinct titles, and were therefore tenants in common.
The title remained that way until Davis Pegg died.
The question is, then: What became of his undivided
half?   Ordinarily it would descend to his heirs, the defend-
ants; and it did so descend, unless the clause which was

inserted carried it in a different direction. Complainant contends that it did not so descend, because she and her husband owned the premises as tenants by the entirety, and were made such by said deed, and that now, as survivor of her husband, she is entitled to the whole of said premises.

In order to own the whole, as survivor, she would have to be seised of the whole before his death. Whatever vested in her as survivor must have been owned by both her and her husband before his death, and each must have been seised of the whole. As neither one was seised of the whole, but both held by distinct titles, they could not have been tenants by the entirety. Neither were they tenants by entirety of the undivided half conveyed to her, because Davis Pegg reserved no interest in the undivided half he conveyed to complainant. The deed as a whole cannot be construed as creating a tenancy by entirety, because the law was not followed in creating it. At the common law, the unities of time, title, interest, and possession had to be observed in creating such an estate. Blackstone's Commentaries, book 2, p. 182; 1 Washburn on Real Property (6th Ed.), p. 529. See suggestion in *Bassett* v. *Budlong*, 77 Mich. 338 (43 N. W. 984, 18 Am. St. Rep. 404).

The common law has remained unchanged in this respect and is now in force. In the attempt to create an estate by entirety, in the case under consideration, neither the unity of time nor title was observed. The estate was not created by one and the same act, neither did it vest in them at one and the same time. If the clause inserted can be said to be a part of the habendum of the deed, as is argued, then that part of the habendum must fail, on the ground that it seeks to enlarge an estate in common, which is granted, into an estate of entirety, without complying with the rules of law for the creation of such an estate. By reason of these considerations, the deed must be read as though the clause had been omitted. The deed created a tenancy in common between complainant and

her husband, and upon his decease his undivided one-half of the premises descended to his heirs.

The order of the trial court, overruling defendants' demurrer, will be vacated and set aside, and an order entered sustaining the demurrer.

OSTRANDER, C. J., and HOOKER, MOORE, and MC-ALVAY, JJ., concurred in the result.