WRIGHT v. KNAPP.

HUSBAND AND WIFE—DEEDS—ESTATES BY ENTIRETIES—JOINT TENANCY—CONVEYANCES.

An attempted conveyance executed by a married man conveying real estate owned by him to himself and wife jointly, as grantees, operates as a conveyance of an estate in common and vests in the wife one-half interest in the real property. It is insufficient to create an estate by the entirety or a joint tenancy.

BROOKE, C. J., and McALVAY, J., dissenting.

Appeal from Ionia; Davis, J. Submitted April 15, 1914. (Docket No. 38.) Decided January 4, 1915.

Bill by Charles Wright and others against Arthur M. Knapp, administrator of the estate of Elizabeth Wright, deceased, and others, to set aside a deed from William Wright to Elizabeth Wright, purporting to convey an estate by the entireties, and to remove a cloud from the title of complainants in and to said real property. From a decree for the complainants, defendants appeal. Reversed, and decree entered that said deed conveyed an estate in common.

*Alfred R. Locke* and *George E. Nichols*, for complainants.

*Frank C. Miller*, for defendants.

BROOKE, C. J. Complainants are the brothers, sisters, nephews, and nieces of William Wright. Defendants are, respectively, administrator and children of Elizabeth Wright, who was the wife of William Wright. William and Elizabeth had been married some 11 years, when on the 10th day of September, 1912, William, who was suffering from heart disease, caused a scrivener to be sent for, and instructed him to prepare a conveyance of the homestead to William Wright and wife. Later he modified those instructions as follows: ·

" 'I want you to deed it right to her; I don't know what will happen.' I got the impression it was going to be a direct deed, and he added, 'Make it jointly; I don't know how things are going to go.' "

Whereupon the scrivener drew a deed, containing the following:

"Between William Wright, of the township of North Plains in Ionia county and State of Michigan, of the first part, and William Wright and Elizabeth Wright jointly, the survivor to have full ownership of the same place, of the second part."

It is the claim of complainants, and the learned circuit judge so held, that this deed was an absolute nullity, and that, therefore, William Wright having died without issue, the complainants, being his brothers and sisters and children of a deceased brother, were entitled to have one-half of said estate, and that the other half belonged to the defendants as heirs at law of their mother, Elizabeth Wright. From the decree entered, defendants appeal.

The intention of William Wright to create an estate in himself and wife by the entireties cannot be questioned. Assuming, but not deciding, that such an estate cannot be created by the instrument in question, what is the legal effect of that instrument? The

183 Mich.—42.

infirmity in the conveyance is said to be that a grantor cannot convey directly to himself. Assuming this to be true, we still find a valid conveyance from William Wright, as grantor, to his wife, Elizabeth Wright, as grantee. It is well settled that, where one of several grantees, for any reason, is incapable of taking, one or others capable of taking shall take the whole. *Dowset* v. *Sweet,* 1 Ambler's Eng. Chan. R. 175; *Humphrey* v. *Tayleur, Id.* 136; *Ball* v. *Deas,* 2 Strob. Eq. (S. C.) 24 (49 Am. Dec. 651); *Cameron* v. *Steves,* 9 N. Brunsw. 141; *McCord* v. *Bright,* 44 Ind. App. 275 (87 N. E. 654). In the conveyance in question the grantor named as grantee may be considered as mere surplusage.

It is unnecessary, therefore, here to determine whether an estate by the entireties may be created by an instrument such as the one under consideration, though upon this question see *Bassett* v. *Budlong,* 77 Mich. 338 (43 N. W. 984, 18 Am. St. Rep. 404); *McKee* v. *Marshall,* 5 S. W. 415, 9 Ky. Law Rep. 461; *Saxon* v. *Saxon,* 46 Misc. Rep. 202, 93 N. Y. Supp. 191; *Schulz* v. *Brohl,* 116 Mich. 603 (74 N. W. 1012).

The case of *Pegg* v. *Pegg,* 165 Mich. 228 (130 N. W. 617, 33 L. R. A. [N. S.] 166, Ann. Cas. 1912C, 925), relied upon by complainants, is not controlling.

The decree should be reversed, and a decree entered in this court dismissing the bill of complaint and confirming title to the property in question in defendants.

MCALVAY, J., concurred with BROOKE, C. J.

BIRD, J. I am unable to concur in Mr. Justice BROOKE'S conclusion that the entire estate granted vested in Elizabeth Wright upon the death of her husband. An attempt undoubtedly was made to create an estate in entirety, but it failed, because the formalities of the law were not observed in its cre-

ation. *Pegg* v. *Pegg*, 165 Mich. 228 (130 N. W. 617, 33 L. R. A. [N. S.] 166, Ann. Cas. 1912C, 925); *Cameron* v. *Steves*, 9 N. Brunswick, 141. This being so, the conveyance must be regarded the same as though made to strangers, and not to man and wife. Had William Wright made the deed to himself and his brother, one of two things would have resulted—either the conveyance would have transferred to himself and brother the estate, or it would have transferred to the brother an undivided half of the estate, and left remaining in him the other undivided half. It is not important which would have taken place, as the result would have been the same in either event, namely, each would own an undivided half interest in the estate; and this result would be in accordance with the intent of the grantor to retain an interest in the estate. But it is said that Wright could not convey to himself, and that, if he conveyed the premises to himself and wife, the wife would take the whole. This proposition would be true if the estate conveyed was an estate in entirety or joint tenancy, because in both each is seised of the entire estate and both have the incident of survivorship, but it would not be true if it were an estate in common. The cases cited to this proposition by Mr. Justice BROOKE are cases which proceed upon the premise that the estate granted is one of joint tenancy, and it is expressly held in *Cameron* v. *Steves*, 9 N. Brunswick, 141, cited by him, that, if the estate granted had been a tenancy in common, it would have resulted in a reservation of an equal share in the grantor. It is there stated:

"Now, as it is clear enough that a man cannot convey an estate to himself by deed, nor is a man capable of taking an estate from himself by deed, the only question would be whether Barnett reserved to himself an equal interest with Cameron and Marshall; and that he did, would have been the result had the deed

been a conveyance to the three as tenants in common, for in that case the deed would have operated to give to Cameron and Marshall severally an undivided third part; but, inasmuch as the deed is given to the three as trustees, by the express words of the Revised Statutes, vol. 1, chap. 117, § 1, it is a joint tenancy."

Therefore my conclusion is that the deed from William Wright to Elizabeth Wright and himself did not create an estate in entirety, nor in joint tenancy, but did create an estate in common, which, upon the death of the parties, would descend to their respective heirs, and I think the decree should be so made.

KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred with BIRD, J.