GREEN v. BURGHARDT.

1. CREDITORS' SUITS—BURDEN OF PROOF—EVIDENCE—PRESUMPTIONS.
In a suit by a judgment creditor to set aside a bill of sale of personal property and to restrain an action of replevin, it was *held*, that the provisions of 3 Comp. Laws, § 10203, have no application to levies upon personal property, and the presumption of fraud relied upon by complainant does not exist.

2. SAME—EQUITY—REPLEVIN—ADEQUATE REMEDY AT LAW.
The real issue between the parties being raised in the replevin suit, and being one peculiarly for a jury, the decree dismissing the bill is affirmed.
BIRD, J., dissenting.

Appeal from Wayne; Mandell, J. Submitted June 16, 1914. (Docket No. 86.) Decided July 23, 1915.

Bill by Minerva Green, administratrix of the estate of James E. Green, deceased, against Frank Burghardt and Anton Burghardt in aid of execution. From a decree for defendants, complainant appeals. Affirmed.

*Francis H. Warren* (*C. H.* and *G. M. Lehman,* of counsel), for appellant.

*Barbour, Field & Martin* and *Dwight C. Rexford,* for appellees.

BIRD, J. (*dissenting*). From a decree dismissing a bill filed in aid of execution, the complainant appeals. On the 30th day of November, 1912, complainant recovered a judgment in tort against defendant Frank R. Burghardt in the Wayne circuit court, for the sum of $2,000, with costs taxed therein at $65.55. On April 19, 1913, complainant caused an execution to be levied upon certain personal property in the possession

of Frank R. Burghardt, consisting of horses, wagons, and other personal property used in his trucking business, also upon certain saloon supplies in his saloon in the city of Detroit. Two days later, on April 21st, Anton Burghardt, replevied the property levied upon, claiming the title thereto by bill of sale from Frank, which bill of sale was dated December 17, 1912, 17 days after the judgment was rendered. The appraisal in the replevin proceedings shows the value of the property to be $1,788.

Upon the hearing complainant made her formal proof and relied solely upon the *prima facie* case created by the statute. 3 Comp. Laws, § 10203 (5 How. Stat. [2d Ed.] § 12864). The defendant Anton Burghardt testified that he let his son Frank have $1,000 on June 6, 1909, that he took his promissory note therefor, and that he assumed and agreed to pay two other notes of Frank's, one to Carmody of $1,000, and one to Frank's brother Anton, Jr., of $250, and that these obligations furnished the consideration for the bill of sale of December 17, 1912. He admitted that Frank had been in possession of the property ever since the bill of sale was executed. Frank was a witness in his own behalf, and in the main corroborated his father's testimony.

In reading this record, the question has been suggested to us whether equity should have entertained this proceeding. While the rule is quite general that bills in aid of executions levied upon personal property may be maintained (3 Freeman on Executions [3d Ed.], § 425, and cases), this court has indicated that it was improper where the party had a remedy at law (*Stoddard* v. *McLane*, 56 Mich. 11 [22 N. W. 95]). No reason appears why the questions raised by the pleadings in this case could not be settled in the replevin case; but inasmuch as no objection was made in the trial court, and none is raised in this court,

we have concluded to dispose of the case upon the merits, but with no intention of making it a precedent for future practice.

The question before us is: Did defendant's testimony meet the *prima facie* case made by the complainant? Complainant's *prima facie* case is aided by another presumption created by the statute (3 Comp. Laws, § 9520 [4 How. Stat. (2d Ed.) § 11404]), which provides that a sale of personal property, unless accompanied by immediate delivery and a continued change of possession, is *prima facie* fraudulent as to creditors. Weighed off against these presumptions is the testimony of both the defendants. We are impressed from a history of the dealings between father and son that the several bills of sale made between the parties were intended to operate merely as security for the repayment of money loaned. We are also satisfied that the $1,000 indebtedness to the father was a *bona fide* indebtedness and was still unpaid at the time the last bill of sale was executed; but we are not so favorably impressed as to the Carmody and Anton, Jr.'s, notes. Neither Carmody nor Anton, Jr., was sworn, and no reason is assigned why they were not witnesses. No explanation was given by Frank of the circumstances, or any of them, under which the money was borrowed, nor the purpose for which it was used. If Anton had any information on the subject of the good faith of the transactions, he did not disclose it. Our conclusion is that the *prima facie* case made by complainant was fully met as to the $1,000 indebtedness to defendant Anton Burghardt, but that the *prima facie* case was not met by the testimony as to the Carmody note nor Anton, Jr.'s, note.

The bill of sale dated December 17, 1912, and duly filed in the city clerk's office, will be treated in this proceeding merely as a security, and the sheriff of Wayne county will be advised by the decree to pro-

ceed with the execution of his writ subject to said mortgage lien of $1,000.

The decree of the lower court should be reversed, and a decree entered in this court in accordance with this opinion. The complainant should recover costs in both courts.

OSTRANDER, J. I know of no case in which it has been held, or has been before contended, that the provisions of 3 Comp. Laws, § 10203 (5 How. Stat. [2d Ed.] § 12864), have any application to levies upon personal property. The presumption relied upon by complainant does not exist.

The real issue between the parties is raised in the replevin suit, pending when the bill in this cause was filed. The effect of the opinion of Mr. Justice BIRD is to enjoin the proceeding at law, which ought not to be done unless the issue appears to be one which a court of law cannot properly try. It is obvious that, not only may a court of law determine it, but it is peculiarly an investigation to be made by a jury.

The decree dismissing the bill should therefore be affirmed.

KUHN, STONE, MOORE, and STEERE, JJ., concurred with OSTRANDER, J. BROOKE, C. J., did not sit.

The late Justice MCALVAY took no part in this decision.