MICHIGAN STATE BANK OF EATON RAPIDS *v*. KERN.

1. HUSBAND AND WIFE—DEEDS—ESTATES BY THE ENTIRETIES—ESTATES IN COMMON.

A deed executed by a husband to himself and his wife creates a tenancy in common, and not one by the entireties.

2. EXECUTION—HUSBAND AND WIFE—ESTATES IN COMMON.

The interest of a tenant in common is subject to levy and sale upon execution. 3 Comp. Laws, § 9167.

3. FRAUDULENT CONVEYANCES—EXECUTION—REMEDIES — EQUITY— HOMESTEADS.

Where complainant's bill to set aside a conveyance by a debtor husband to himself and wife was filed on the theory that said conveyance created a tenancy by the entireties and was in fraud of creditors, and it does not clearly appear that the husband's interest in the estate in common which was thereby created is sufficient to satisfy the judgment and costs, the bill will not be dismissed, but in case the husband's interest in the property is insufficient to satisfy the judgment, complainant may proceed to sell the remainder thereof, except the homestead rights.[1]

Appeal from Barry; Smith, J. Submitted October 15, 1915. (Docket No. 103.) Decided December 22, 1915.

Bill in aid of execution by the Michigan State Bank of Eaton Rapids against George W. Kern and Nettie A. Kern. From a decree for complainant, defendants appeal. Modified and affirmed.

*Joseph B. Hendee* (*Thomas Sullivan,* of counsel), for complainant.

*Colgrove & Potter,* for defendants.

---

[1]On creation of tenancy by entireties by conveyance to spouses, one of whom already had an interest in the land or other subject matter, see notes in 30 L. R. A. 325, 25 L. R. A. (N. S.) 167.

BIRD, J. Defendant George W. Kern purchased a stock of general merchandise from one Guy Rueter, in Onondaga, Ingham county, in March, 1911, for the sum of $4,700. He paid Rueter $2,700 in cash, and gave him his promissory note payable in one year for the balance of the purchase price, amounting to $2,-000. Subsequently Rueter sold the note before due and for value to complainant. When the note became due, Kern refused to make payment. Suit was instituted by complainant, and a judgment for damages and costs was obtained against defendant George W. Kern for $2,043.10. An execution was taken out and levied upon certain real property situate in the village of Delton, Barry county, the title to which stood in the names of Kern and his wife. This bill was then filed in aid of execution seeking to have the conveyance set aside as having been made in fraud of creditors. The chancellor granted the relief prayed, and defendants have appealed therefrom to this court. They insist that complainant has failed to establish the fact that the transfer of the real estate was fraudulent as to creditors.

It appears that the real estate involved consists of lots 14, 15, and the south half of lot 13 in the village of Delton; the improvements thereon are three store buildings and a dwelling; that the title thereto stood in the name of George W. Kern at or about the time the indebtedness was incurred; and that it was afterwards conveyed by the ordinary form of warranty deed by George W. Kern to himself and Nettie, his wife, and so recorded. Complainant concluded that this action upon the part of defendant Kern placed the legal title of the realty beyond the reach of an execution creditor, and for this reason it seeks in this action the aid of a court of equity.

It has recently been held by this court that such a deed creates a tenancy in common, and not one by the

entirety.  *Wright* v. *Knapp*, 183 Mich. 656 (150 N. W.' 315).  See, also, *Pegg* v. *Pegg*, 165 Mich. 228 (130 N. W. 617, 33 L. R. A. [N. S.] 166, Am. & Eng. Ann. Cas. 1912C, 925).  After the deed took effect, George W. Kern became a tenant in common with his wife, Nettie.  His interest as tenant in common was subject to levy and sale upon execution. 3 Comp. Laws, § 9167.

In view of the fact that the case has been heard and determined on the chancery side of the court, and in view of the further fact that it does not clearly appear from the testimony that the separate interest of George W. Kern in said property, after deducting the homestead interest, is of a value sufficient to satisfy the judgment and costs, complainant's bill will not be dismissed.

The sheriff of Barry county will be advised to proceed to sell the undivided one-half interest of George W. Kern in the premises levied upon, excepting therefrom the homestead interest of defendants, and should insufficient funds be realized upon the sale thereof to satisfy the execution, the complainant may proceed to sell the remainder thereof, except the homestead. Defendants will recover their costs in this court.

BROOKE, C. J., and KUHN, STONE, MOORE, and STEERE, JJ., concurred with BIRD, J.

OSTRANDER, J. (*concurring*).  The bill is clearly one in aid of execution, the theory indicated therein being that the deed of March 22, 1911, whatever its legal effect, was made in fraud of creditors.  There is testimony supporting the conclusion announced by the circuit court, namely, that the conveyance was made without consideration and for the purpose of defrauding creditors.  This conclusion of fact supports the conclusion of law that as to complainant the deed is without force or effect.  Of course, this conclusion does

not disturb a homestead interest in the property, if such an interest exists. It simply results in permitting the execution creditor to proceed as though the fraudulent conveyance had not been made.

It turns out, as my brother BIRD has pointed out, that the conveyance in question, intended obviously to create an estate by entireties in all of the property described therein, operates to create an estate in common in the judgment debtor and his wife. There is an interest of the debtor which may be reached by execution, whether the deed is or is not set aside. My brother BIRD is therefore of opinion that the decree ought to be reversed and the bill dismissed.

I do not think it is clear that a sale of an undivided half interest in the property, exclusive of the homestead, will make complainant's debt and expenses. The testimony leaves the point uncertain. Assuming the conveyance, the validity of which is attacked, to be fraudulent as to complainant, there is no good reason for refusing to set it aside, limiting the creditor to a sale of an undivided interest in several parcels of property, and inviting a further possible application to the court. It must be kept in mind that the bill in this cause was filed July 10, 1912. At that time it was at least debatable whether the form of the conveyance attacked was not sufficient to create an estate in joint tenancy in defendants. See the cases cited in Mr. Justice BIRD'S opinion. There was propriety in filing the bill in this cause, in aid of execution, it appearing that the title to the property appeared to rest in a husband and wife. It is my opinion, therefore, that the decree should be affirmed.

One has only to examine *Green* v. *Burghardt*, 187 Mich. 136 (153 N. W. 667), to see that it has no application to the state of facts we are now considering. In that case, a court of equity was asked to take over

for trial and to determine issues of fact already joined in an action of replevin. There was also another reason for refusing equitable jurisdiction.

The decree should be affirmed, with costs to appellee.

The late Justice MCALVAY took no part in this decision.