KATHERINE FAY, Appellant, v. CATHERINE FAY SMILEY et al., Appellees.

MICHAEL F. FAY et al., Appellants, v. KATHERINE FAY et al., Appellees.

**WILLS:** Election Between Will and Dower—When Not Required. No
1   election by a surviving spouse between the will and the dower right is required when the will shows on its face that its provisions for the surviving spouse were not intended to be in lieu of dower rights. So held where the will devised to the wife the sum of one dollar. (See Book of Anno., Vol. 1, Secs. 11847, 12007.)

**DEEDS:** Construction—Estate Conveyed—Estate by Entirety. The
2   common-law estate by entirety has not been recognized in this state.

**DEEDS:** Construction—Nature and Effect—Controlling Elements. The
3   nature and effect of a deed of conveyance must be determined from the words therein contained which are *descriptive of the estate conveyed*, and not from the mere legal name employed. So held where the deed named the estate conveyed as one "by entirety," while the covenants of the deed demonstrated that it was a warranty in fee.

**DEEDS:** Construction—Estate Conveyed—Conveyance by Husband to
4   Wife and Himself. A conveyance of land by a husband to his wife *and to himself* creates a tenancy in common.

Headnote 1: 40 Cyc. p. 1971. Headnote 2: 30 C. J. p. 564. Headnote 3: 18 C. J. p. 311. Headnote 4: 30 C. J. p. 563.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

FEBRUARY 16, 1926.

OPINION ON REHEARING JUNE 21, 1926.

KATHERINE Fay was plaintiff and appellant in the first of the above cases, and defendant-appellee in the second case.— *Reversed*.

*Turner & Turner* and *F. E. Carberry*, for Katherine Fay, appellant.

*Preston & Dillinger* and *W. C. Fraser*, for all other parties, appellees.

ALBERT, J.—I. James Fay died on February 10, 1921. Shortly thereafter, his will was admitted to probate in the Avoca division of the Pottawattamie district court. The part that is material to our consideration is Paragraph 2, which reads:

"I give, devise and bequeath the sum of $1.00 to my beloved wife Katherine Fay, subject to her rights and dower interest allowed her by statute."

On February 10, 1922, Katherine Fay, appellant herein, instituted proceedings in the probate court for the construction of said will, which proceedings eventually resulted in the decision of *In re Estate of Fay*, 196 Iowa 1099.

On the 27th of January, 1922, in pursuance of law, a notice in due form was served on Katherine Fay, requiring her to elect between her dower right and her right given under the will. She failed, however, to file any written election within the statutory time. Prior to this, on the 12th of November, 1921, she had filed a petition in equity in the case at bar, asking for partition of the 80-acre tract of land involved herein, the title to which was in James Fay at the time of his decease. By way of an amended and substituted petition, she sets out the will of James Fay and claims that, under Paragraph 2, quoted above, she is entitled to "the whole of said estate to the amount of $7,500, after payment of the debts and expenses of administration, and one half of the excess of said $7,500." She asks that the land be partitioned, and that her interest be fixed and determined. Appellees filed reply, pleading the service of notice to elect and her failure to so elect, and alleged that, therefore, she had no interest in the land in controversy. On

1. WILLS: election between will and dower: when not required.

trial of the matter, the court dismissed appellant's petition,— hence this appeal.

The whole matter is clouded by reason of what seems to us to be a misinterpretation of our former opinion in the case of *In re Estate of Fay,* supra. It is seriously urged that that opinion held that, in event that the wife took under the will, she could get nothing but $1.00; but, as we view the opinion, it does not so hold. The real question discussed was whether or not the wife was entitled to the first $7,500 after the payment of debts and expenses, and one half of the surplus. This is the real question decided; and, while there is some language in the opinion which might lend color to the claim that, if she took under the will, she took only $1.00, that was not the decision in the case.

Under Section 3270, Code of 1897, governing the disposition of property by will, the following provision is made:

"But where the survivor is named as a devisee therein, it shall be presumed, unless the intention is clear and explicit to the contrary, that such devise is in lieu of such distributive share, homestead and exemptions."

It is quite apparent from the reading of this will that the devise of $1.00 made to the wife therein was not in lieu of her distributive share in the property of the deceased. It being apparent from the will that such was the intent of the testator, the presumption raised by the aforesaid section of the Code does not operate; and the conclusion we reach is that, under such circumstances, the surviving spouse is not put to her election, but is entitled to take under the provisions made in the will, and also under the provisions made for her by law, giving her, therefore, $1.00 under the will and her one-third distributive share under the law. The action of the district court in dismissing appellant's petition for partition of the 80-acre tract was, therefore, erroneous. It is hereby reversed, and this part of the case is remanded, with directions to the district court to enter an order in accordance herewith and grant the partition, as prayed.

II. In the second of these cases, the appellee Katherine Fay claims title to a 40-acre tract of land, other and different from that involved in the first case, under the following deed:

"This indenture, made the 14th day of October in the year one thousand nine hundred and fifteen between James Fay, married, of the borough of Brooklyn, state and city of New York, county of Kings, party of the first part, and James Fay and Katherine Fay, of the same place, parties of the second part as tenants by the entirety and not as tenants in common.

"Witnesseth, that the said party of the first part, in consideration of the sum of ten ($10) dollars, lawful money of the United States, and other valuable consideration paid by the parties of the second part, does hereby grant and release unto the said parties of the second part, their heirs and assigns forever, all the following described premises situated in the county of Pottawattamie and state of Iowa, to wit:

"The southwest quarter of the southwest quarter of Section fifteen (15) in Township No. seventy-six (76) north of Range No. thirty-eight (38) west containing forty acres according to the government survey. Together with the appurtenances; and all the estate and rights of the said party of the first part, in and to said premises. To have and to hold the above granted premises unto the said parties of the second part, their heirs and assigns forever.

"The purchasers under this contract reside as follows: No. 418 11th Street, Brooklyn, New York.

"And the said James Fay does covenant with the said parties of the second part as follows: First. That the said James Fay, party of the first part is seized of the said premises in fee simple, and has good right to convey the same. Second. That the parties of the second part shall quietly enjoy the said premises. Third. That the said premises are free from incumbrances. Fourth. That the party of the first part will execute or procure any further or necessary assurance of the title to said premises. Fifth. That the said James Fay will forever warrant the title to said premises.

"In witness whereof, the said party of the first part has hereunto set his hand and seal the day and the year first above written.

"James Fay."

Under the terms of this deed, the district court held that Katherine Fay took a fee-simple title; and hence the dismissal of her petition. The facts are not in dispute.

The above quoted deed bears date of October 14, 1915. On November 9, 1920, James Fay made to appellants herein a warranty deed for an undivided one-half interest in said 40-acre tract. James Fay died in February, 1921. On December 12, 1923, appellants filed their amended and substituted petition herein, asking partition of such tract, and claimed that appellants and appellee were respectively the owners of an undivided one-half interest in said tract of land. Katherine Fay, by way of answer, claims that she is the owner of said tract in fee simple. Her contention is based upon the thought that the deed above set out creates an estate in entirety, as recognized by common law, and that, therefore, on the death of James Fay she became the fee-simple owner. An estate in entirety is a creature of common law, created by legal fiction, and is based wholly on the common-law doctrine that the husband and wife are one, and that, therefore, a conveyance to the husband and wife created only one estate, and each was the owner of the whole estate; that neither could dispose of it without the consent of the other; that, on the death of one, the survivor was the owner in fee simple.

*2. DEEDS: construction: estate conveyed: estate by entirety.*

Assuming, for the purpose of this division of this opinion, that this deed, in the eyes of the common-law rule, would create an estate in entirety, we have to say that such a construction has never been recognized under the Iowa practice, and when attempts have been made to induce the court to make such construction, it has refused to do so.

In the case of *Hoffman v. Stigers*, 28 Iowa 302, an attempt was made to have this court recognize an estate in entirety, and this was refused. The inapplicability of such a construction under our law is quite apparent. The spouse, under our law, is entitled to take and hold title independently, with the same rights and privileges as though she were single. With this right recognized, it is quite apparent that there is no basis for a construction such as was made under the common law.

It has been provided by statute in this state, since the Code of 1851, that:

"Conveyances to two or more in their own right create a tenancy in common, unless a contrary intent is expressed." Code of 1924, Section 10054.

With reference to the effect of this statute we said, in *Hoffman v. Stigers*, supra:

"With us, therefore, when the estate is held by two or more, not as trustees, but in their own right, nothing being expressed to the contrary, the tenancy would be in common. And thus most plainly and authoritatively is the estate of joint tenancy disfavored by our law. There is no reason, no necessity, for such an estate, except under the most peculiar circumstances. * * * And as now we in most of the states condemn entailments or perpetuities, so we do and should joint tenancies, or at least their common-law incident, the right of survivorship."

If we turn now to the deed in controversy, it will be noted that, if the first paragraph therein were omitted, it would constitute a warranty deed, under the Iowa statute. Resolved into its component parts, it conveys the land

3. DEEDS: construction: nature and effect: controlling elements.

to the second parties. The granting clause conveys a fee-simple title to the second parties and their heirs and assigns forever. The habendum clause provides that the premises are granted, to have and to hold, unto the said parties of the second part, their heirs and assigns forever; and this is accompanied by the general warranty of the title.

If the deed is to be construed other than as conveying a fee-simple estate, it must be by reason of a statement in the first paragraph of the deed which makes James Fay party of the first part, and "James Fay and Katherine Fay * * * parties of the second part as tenants by entirety and not as tenants in common." This first paragraph is devoted to a description of the parties to this indenture, and we are of the opinion that the part thereof referring to the tenancy is merely descriptive of the parties of the second part, and cannot be construed in connection with or as controlling the subsequent clauses in the deed. We are not unmindful of the rule well recognized in

this state that the intent of the parties is to be drawn from a consideration of the whole of the instrument, but to our minds that rule has no application here. In other words, we do not wish to hold that an estate can be created simply by naming it, without the necessary words descriptive of such estate.

This deed was drawn in the state of New York, and probably on a form used in that state. In the case of *Saxon v. Saxon,* 46 Misc. Rep. 202 (93 N. Y. Supp. 191), the Supreme Court had before it a deed the first paragraph of which was as follows:

"This indenture, made the 16th day of May in the year 1901, between John F. Saxon, of the village of Port Jervis, Orange County and state of New York, party of the first part, and John F. Saxon and Mary V. Saxon, his wife, for their joint lives, and upon the death of either the survivor to become absolute owner, of the second part."

It was there contended, as here, that, by reason of the above paragraph in the deed, an estate in entirety was created. With reference thereto the court said:

"But the subsequent words of conveyance fall short of creating an estate by the entireties; they are not apt or operative for that purpose, but only for a simple conveyance; and it seems to me they must control. It is true that the whole deed must be read for the intention, but nevertheless no effect can be given to any intention in a conveyance or will which does not contain words adequate to express and carry it out."

It may be that, had there been a subsequent provision of the deed in specific words detailing an estate which would, at common law, have been an estate in entirety, we would be disposed to recognize the creation of such an estate; but, since the deed failed to describe such estate in detail, we are quite certain that it does not create an estate in entirety, or joint tenancy.

In the case of *Wood v. Logue,* 167 Iowa 436, we held that a tenancy might be created with a survivorship, provided that the details and description of such estate, and all the elements thereof, were sufficiently set out in the writing.

A second question is raised herein: Where A makes a deed, in which he is grantor, conveying to himself and another, as

grantee, what interest has A in the property after the convey-
ance? It is urged herein that one cannot be
grantor and grantee in the same deed, and that,
therefore, the conveyance to himself amounts to
nothing, and the other grantee in the deed takes
the whole title. With this contention we do not agree. While
this question has never been before this court, it has been very
ably discussed by the Supreme Court of Michigan in two cases,
*Wright v. Knapp,* 183 Mich. 656 (150 N. W. 315), and *Michigan State Bank v. Kern,* 189 Mich. 467 (155 N. W. 502),
where it is held that such a deed creates a tenancy in common,
and not one by entirety.

4. DEEDS: construction: estate conveyed: conveyance by husband to wife and himself.

It is our conclusion, therefore, that the aforesaid deed
created in James Fay and his wife a tenancy in common.
*Bader v. Dyer,* 106 Iowa 715. The conveyance of James Fay's
interest, without his wife's joining therein, would leave her
possessed of a one-third interest in the property thus conveyed
by him. This results in the holding, as to this 40-acre tract,
that Katherine Fay is the owner in fee of an undivided one-
half interest therein, plus an undivided one third of the other
half; or, in other words, Katherine Fay is the owner in fee
of an undivided two-thirds interest in the 40-acre tract. The
district court erred in holding that she was the owner in fee
simple of the whole of said tract.

This results in a holding that Katherine Fay is the owner
of an undivided one third of the 80-acre tract, and that she
was entitled to partition thereof; and that she is the owner
of an undivided two thirds of the 40-acre tract.—*Reversed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.