[No. 3594. Nov. 12, 1931.]

BROWN v. JACKSON.

[4 Pac. (2d) 1081.]

George A. Shipley, of Alamogordo, for appellant.

J. L. Lawson, of Alamogordo, for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

Plaintiff (appellant) sued to quiet title to two parcels of land. As to one parcel, it is alleged that she and her husband, Solomon Brown, being the owners thereof, executed, in 1908, their joint deed to said Betty Brown and their daughter Mollie Aldridge, who, at the time of the execution of said deed, was a single person, but who subsequently was married to defendant J. J. Jackson, and remained his wife until her death, leaving him as her sole heir, who asserts some claim and title in and to said parcel of land described in said conveyance by reason of being the surviving husband and heir of said Mollie Aldridge Jackson; that the said conveyance created in plaintiff, Betty Brown, and Mollie Aldridge an estate in joint tenancy in and to the land described in said conveyance, and of which the plaintiff became sole owner by reason of her survival of Mollie Aldridge.

The defendant by demurrer presented the proposition that, under the conveyance involved, the plaintiff and Mol-

lie Aldridge held and owned said land as tenants in common.

It is assumed that the land was, at the time of the conveyance, community property of plaintiff and her husband, Solomon Brown.

Plaintiff also sought to quiet title to another parcel of land not described in said conveyance, and as to which there is no allegation that the defendant asserted any claim, title, right, or interest, and because of which lack defendant demurred on the ground that there was no cause of action stated against him. The trial court sustained the demurrer, and, the plaintiff declining to plead further, the complaint was dismissed.

The question for determination is: Could the husband make a conveyance of community property in 1908 to his wife and another person, and thereby create in such grantees an estate in joint tenancy?

While it is true that joint tenancy is no longer favored, as at common law, yet it still exists when by grant it is clearly expressed that the estate is to be a joint tenancy. Section 117-106, Comp. 1929.

In the conveyance involved, immediately following the description of the land, are the following provisions:

"This is a joint deed to Mrs. Mollie Aldridge and to Mrs. Bettie Brown.

"It is stipulated herein that it must take a joint deed to convey any interest in this land conveyed in this deed."

It is not claimed that this language is not sufficient to evince an intention that the estate created shall be a joint tenancy, but appellee contends that the estate conveyed was not in law a joint tenancy because it was not characterized by the four unities of title, interest, time, and possession. Tiedeman on Real Property (3d Ed.) at § 176, discussing the incidents to joint tenancy, says:

"All the tenants must have the same interest in the land in respect to the duration of the estate. One cannot be tenant for life, while another is tenant in fee. By unity of title is meant, that all must acquire their interests by the same title. One cannot hold by one deed, and another by a second deed. The estate

must vest at the same time, otherwise there will be no unity of time. Two persons cannot be joint tenants, where the estate is granted in remainder to the heirs of two living persons. The death of one, during the life of the other, would cause the shares of his heirs to vest before the others. Finally, the estate must take effect in possession at the same time. One cannot have an estate in possession, while the other has an estate in remainder. Joint-tenants, therefore, 'have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same possession.' And whenever these four unities were present in a joint estate, the estate was construed at common law to be a joint-tenancy, unless the grantor by express limitation gave the estate a different character. But the American law has been in opposition to joint-tenancy and has shown more favor to tenancies in common. The doctrine of survivorship has been considered repugnant to the American sense of justice to the heirs. A number of the States have by statute abolished joint-tenancy altogether, except in the case of trustees and other persons, holding a joint-estate in a fiduciary capacity; while it may be stated as a general rule in the rest of the States, that a joint-estate will be presumed in every case, except that of trustees, etc., to be a tenancy in common, unless expressly declared to be a joint-tenancy, even though the four unities are present."

Appellee, assuming for the purpose of his argument that Betty Brown, under the community property law, had an undivided one-half interest in the land, she was seized of a title which she did not derive from the deed by which it is assumed she, joined by her husband, conveyed to herself and Mollie Aldridge. His argument is that, since one cannot convey to one's self, there was consequently, in effect, a conveyance of an undivided interest to Mollie Aldridge, and, as the title to the whole did not arise from the conveyance, the unities of title and time were absent, and Betty Brown and Mollie Aldridge, holding by distinct titles, were at most tenants in common. He cites in principal support of his contention, Lang v. Wilmer, 131 Md. 215, 101 A. 706, 2 A. L. R. 1698, and Pegg v. Pegg, 165 Mich. 228, 130 N. W. 617, 33 L. R. A. (N. S.) 166, App. Cas. 1912C, 925. The first of these cases is of doubtful support, and the second, in the judgment of the editor of L. R. A., is open to the criticism that the court permitted a technical objection to override the grantor's express intention, and the note writer cites McRoberts v. Copeland, 85 Tenn. 211, 2 S. W. 33:

"* * * where the grantor conveyed lands by deed in which his wife joined, the habendum clause of which contained the words, 'subject alone to our life estate.' It was held that the exception

or reservation of the life estate inured, upon the death of the grantor, to his wife in her own right as survivor, by operation of law; and Tindell v. Tindell [(Tenn. Ch. App.) 37 S. W. 1105] supra, in which, in commenting upon this case, it is said that, the life estate having been created at the same time in the husband and wife, the unities were observed."

And the Maryland court, commenting on this case in Lang v. Wilmer, supra, treated it as *creating* a new estate in *both* of the grantees, and that the common-law unities of time, title, etc., to be present.

Other courts have taken a view similar to the Tennessee court in opposition to the decision in Pegg v. Pegg, supra. For instance, in Colson v. Baker, 42 Misc. Rep. 407, 87 N. Y. S. 238, the court decided:

"Tenants in common of land made a deed directly to one of the tenants and a third person as joint tenants. *Held* to create a joint tenancy, so that the survivor of the grantees took all the land."

Murphy v. Whitney, 140 N. Y. 541, 35 N. E. 930, 24 L. R. A. 123, recognized the right of co-owners to agree among themselves to hold the property as joint tenants, or so that the survivor would take the entire fee.

In Re Horler's Estate, 180 App. Div. 608, 168 N. Y. S. 221, the court decided:

"A deed by a wife to her husband, conveying an interest in her real estate, stating that the intention of the grantor was to convey. to the grantee an undivided half interest, to hold as joint tenants, and not as tenants in common, 'so that the survivor shall have and take the absolute title in fee simple,' created a joint tenancy and not a tenancy in common, in the entire premises, with unity of title, interest, time, and possession."

And it was decided in Boehringer v. Schmid, 133 Misc. Rep. 236, 232 N. Y. S. 360:

"A husband seized in fee of real property may deed property to himself and wife without the intervention of a trustee or third person, and thereby create an estate by the entirety."

And the court said the question for determination was:

"Can a husband, seized in fee of real property, deed to himself and wife, and thereby create in such husband and wife an estate by the entirety?"

The court answered thus, an argument of counsel similar to that made for appellee in the case at bar:

"First, he contends that the deed of Joseph Schmid to 'himself and wife at best creates a tenancy in common, because it lacks the necessary elements of a joint tenancy, to wit, unity of title, interest, time, and possession. This contention rests upon the erroneous premise that the original title or interest of the husband remained in him after the giving of his own deed, while the wife's title, coming to her by that deed, created a situation in which there did not exist a unity of title and time at least. On the contrary, the ownership, title, and interest devolved upon both husband and wife as one person at the same time by virtue of his deed. The husband's original estate was lost in the newly created estate. Each was seized of a whole and not a separate part, and there was, therefore, unity of title, interest, time, and possession. Hiles v. Fisher, 144 N. Y. 306, 313, 39 N. E. 337, 338, 30 L. R. A. 305, 43 Am. St. Rep. 762."

It is our duty to give effect to the intention of the parties to create a joint tenancy, if possible, without violating legal principles.

We have a case where we find it easier to sustain the presence of the unities than under the facts in the cases cited.

Appellee apparently bases his argument of lack of unities of title and time, at least, upon the assumption that the deed from Solomon Brown and Betty Brown, husband and wife, was a conveyance by Betty Brown of her interest in community property to herself and Mollie Aldridge, and that, so far as she as grantor was concerned, she could not convey to herself, and hence the unities of time and title were absent. Appellee's argument would have greater force if the parties were controlled by the provisions of chapter 84, Laws 1915 amended (section 68-403, 1929 Comp.), which provided that husband and wife must join in all deeds affecting real estate, and that any conveyance attempted to be made of the real property of the community by either a husband or wife alone shall be void and of no effect. In 1908, when the conveyance involved was made, the situation was different. At that time, section 16 of chapter 37, Laws 1907 (§ 2766, Code 1915) was in effect, and provided:

"The husband has the management and control of the community property, with the like absolute power of disposition, other than testamentary, as he has of his separate estate; Provided, however, That he cannot make a gift of such community property, or convey the same without a valuable consideration, unless the wife, in writing, consent thereto."

Under such provisions, the wife had no power to convey her interest or any interest in the community property, and her attempt to do so would have been unavailing. Her joining in a deed made by the husband did not add anything to the force or effect of the husband's deed as a conveyance, provided such conveyance was for a valuable consideration. If the deed by the husband was intended as a gift of such community property, or was a conveyance of the homestead, then it was necessary to validity that the wife, in writing, consent thereto. We assume that such consent in writing might be in an instrument entirely separate from the deed executed by the husband. The fact that the wife signed the husband's deed would doubtless be sufficient to satisfy the requirement of consent in writing by the wife. But it would not operate as a conveyance by her. The husband, and he alone, had the power to convey. So, when Solomon Brown conveyed in 1908 to Betty Brown and Mollie Aldridge, these grantees derived the estate in joint tenancy from the same source by the same deed with unity of title, interest, time, and possession.

Treating the complaint as attempting to state two causes of action, we hold that the demurrer should have been overruled as to the cause of action involving the land described in the deed to Betty Brown and Mollie Aldridge, and was properly sustained so far as it was directed to that portion of the complaint which attempted to state a cause of action as to the other parcel of land claimed to be owned by plaintiff, but concerning which it is not alleged that the defendant asserts any claim, right, title, or interest.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with instructions to proceed in accordance with this opinion, and it is so ordered.

HUDSPETH and SADLER, JJ., concur.

WATSON and PARKER, JJ., did not participate.