RUBY NICHOLSON ET AL *v.* SUE SHIPP ET AL

5-6084                                          486 S.W. 2d 691

Opinion delivered November 20, 1972

*Cambriano & Cree,* for appellants.

*Ike Allen Laws Jr., P. A.,* for appellees.

FRANK HOLT, Justice. The only issue on this appeal is the construction of a warranty deed. The chancellor found that the deed created a tenancy in common. The appellants contend the chancellor erred because the

grantor intended that the deed create an estate by the entirety. We think the chancellor was correct.

The facts are not in dispute. Certain property was conveyed to Johnnie E. and Ruby Nicholson, as husband and wife, upon payment of the $11,000 purchase price. Ruby paid $7,500 of her own money and $3,500 was borrowed and subsequently repaid by them. Two years later, in 1968, Johnnie and Ruby separated and he deeded his interest to her for $3,000 in cash plus her $3,000 note. A few months later they became reconciled. Johnnie had spent the cash and it was agreed that Ruby's note would be destroyed upon the condition the previous joint ownership would be reestablished. In an effort to recreate the agreed estate by the entirety, the services of an employee of an abstract company, rather than a practicing attorney, were used. A deed was drafted by which Ruby conveyed to Johnnie an undivided ½ interest in the lands in question and, also, expressed her intent to create an estate by the entirety. In pertinent part the warranty deed reads:

> "***Ruby Nicholson, in my own right and—his wife for and in consideration of the sum of One and No/100 Dollars ($1.00) cash in hand paid, receipt of which is hereby acknowledged, do hereby grant, bargain, sell and convey unto the said Johnnie E. Nicholson and unto his heirs and assigns forever, the following lands lying in the County of Conway, and State of Arkansas, to-wit: An undivided ½ interest in and to: [description of lands]. This Deed is made for the purpose of creating an estate in the entirety.***"

When Johnnie, the husband, died in 1971, Ruby, appellant, deeded the property to appellant, Delois Nicholson, her daughter by a previous marriage. A life estate was reserved. The appellees, Johnnie's heirs by a former marriage, filed a complaint for partition of the lands, subject to Ruby's dower and homestead rights, asserting they were tenants in common. By answer the

appellants denied that appellees had any interest in the lands and asked that the title be quieted and confirmed in them.

Although recognizing the expressed intention in the warranty deed to create an estate by the entirety, the chancellor found and decreed that the deed from Ruby to her husband created a tenancy in common in an undivided ½ interest in the land and that Johnnie's interest vested upon his death in his heirs, the appellees, subject to Ruby's dower and homestead rights. The deed from Ruby to her daughter, insofar as it affected the appellees' interest, was cancelled.

It is persuasively contended by appellants that the chancellor erred in the construction of the deed and should have reformed it to conform to the expressed intention of the parties. However, one of our basic legal principles, which has become a rule of property, is that an estate by the entirety cannot be created unless the four essential common law unities, namely, interest, title, time and possession, coexist. *Stewart* v. *Tucker*, 208 Ark. 612, 188 S.W. 2d 125 (1945), *Weir* v. *Brigham*, 218 Ark. 354, 236 S.W. 2d 435 (1951). An estate by the entirety, however, can be created by a wife when she directly conveys her interest to her husband and herself. *Harmon* v. *Thompson*, 223 Ark. 10, 263 S.W. 2d 903 (1954), *Ebrite* v. *Brookhyser*, 219 Ark. 676, 244 S.W. 2d 625 (1951), Ark. Stat. Ann. § 50-413 (1971 Repl.). In such a conveyance the four essential unities are deemed concurrently present. By virtue of the marriage relationship a husband and wife are deemed one person in law and a conveyance from one spouse to the other is, in legal effect, a conveyance to only one person. In *Ebrite* v. *Brookhyser, supra,* we specifically recognized that the marriage relationship is a consolidation of the husband and wife which constitutes a single legal entity. Therefore, we said an estate by the entirety can be created by one spouse's direct conveyance of "the interest specified in the deed" to *both spouses.* Thus, the parties no longer need to resort to the device of a "straw man."

In the case at bar, however, "the interest specified in the deed" or conveyed by Ruby was an undivided ½ interest to her husband, Johnnie, without making herself a co-grantee. In such a situation we have held that an estate by the entirety is not created regardless of the expressed intent to do so because neither the unity of time nor title is observed and, also, that the estate was not created by one and the same act, nor did it vest in them at one and the same time. *Weir* v. *Brigham, supra.* Also, in *Ebrite* v. *Brookhyser, supra,* we said one spouse's "undivided half interest could in no way be said to have been acquired at the same time as the half interest retained by" the other spouse. In *Weir* we cited and quoted with approval *Pegg* v. *Pegg,* 165 Mich. 228, 130 N. W. 617 (1911), which is similar to the case at bar. There it was said that where one spouse conveys an undivided ½ interest to the other spouse each holds a distinct title and both become tenants in common even though there is phraseology in the deed that it is intended that an estate by the entirety be created. Also, the deed must be read as though the clause referring to an estate by the entirety did not exist.

The chancellor's interpretation of the disputed deed is clearly in accord with our well established rule of property. Again we observe, as in *Mills Heirs* v. *Wylie,* 250 Ark. 703, 466 S. W. 2d 937 (1971), "[M]any wills, and many deeds, have passed, and conveyed, property in a manner inconsistent with the desire that the testator, or grantor, might have had in mind, because the instrument was not prepared by one familiar with the legal effect of words used." It follows that the legal effect of the deed in question created a tenancy in common instead of an estate by the entirety.

Affirmed.

Brown and Byrd, JJ., dissent.

Conley Byrd, Justice, dissenting. Ark. Stat. Ann. § 50-413 (Repl. 1971), provides that deeds between hus-

bands and wives "...shall be construed as conveying to the grantee named in such deed...the interest specified in the deed..." The deed here specified that: "This Deed is made for the purpose of creating an estate in the entirety." I'm at a loss to understand how much more specific the deed could have been as to the estate that was conveyed.

Furthermore since the legislature permits the creation of estates by the entirety in bank accounts, Ark. Stat. Ann. § 67-552. (Repl. 1966), and savings accounts, Ark. Stat. Ann. § 67-1838 (Repl. 1966), without the requisites of the so-called four unities, it appears to me that we are being unduly slavish in applying those antiquated concepts to real property.

Therefore, I respectfully dissent.

BROWN, J., joins in this dissent.