I am authorized to state that HICKMAN, J., joins in this dissent.

ST. PAUL FIRE & MARINE
INSURANCE COMPANY *v.* Ruby NICHOLSON

78-17                                                    567 S.W. 2d 107

Opinion delivered June 19, 1978
(Division II)

*Wright, Lindsey & Jennings,* for appellant.

*Joe Cambiano* and *Robert E. Irwin,* for appellee.

CONLEY BYRD, Justice. Following our decision in *Nicholson et al* v. *Shipp et al,* 253 Ark. 464, 486 S.W. 2d 691 (1972), holding that the deed prepared by Josephine Huett did not create an estate by the entirety, appellee Ruby Nicholson filed suit against Josephine Huett and the Morrilton-Conway County Abstract Company seeking damages for the alleged negligence of Josephine Huett in preparation of the deed. Josephine Huett brought in appellant St. Paul Fire & Marine Insurance Company (hereinafter referred to as: St. Paul) asking for judgment over against St. Paul who had issued an errors and omission policy to the abstract company, Huett's employer. St. Paul admitted the errors and omission policy and that Josephine Huett was an employee of the abstract company. However, St. Paul defended the claim on the basis of an exclusion in the policy that provided:

> "This Policy does not apply: . . . to the ownership, maintenance, use or repair of any property, or the conduct of any business enterprise other than abstracting services. . . . "

The record shows that appellee went to the abstract company to get the deed prepared, that the deed was prepared by Josephine Huett at the request of appellee, and that appellee paid the $10 fee which the abstract company charged for the preparation of the deed. The evidence on behalf of appellee showed that abstract companies in Conway County regularly prepared real estate deeds for a fee in the same manner that Josephine Huett prepared the deed for appellee. The trial court denied St. Paul's motion for a directed verdict. The jury returned a verdict in favor of appellee upon which a judgment was entered for $5500, the agreed damages. Only St. Paul has appealed.

In *Beach Abstract & Guaranty Co.* v. *Bar Ass'n of Ark.*, 230 Ark. 494, 362 S.W. 2d 900 (1959), we held that title examination and curative work, including the preparation of deeds, when done for another, constituted the practice of law and entered a declaratory decree to the effect that such conduct on the part of an abstract company constituted the illegal practice of law. While the results of *Beach Abstract & Guaranty Co.* v. *Bar Ass'n of Ark., supra,* were modified with respect to the preparation of deeds without a fee which arise in connection with and in the usual course of the abstractor's business by *Creekmore* v. *Izard,* 236 Ark. 558, 367 S.W. 2d 419 (1963), we there held that the preparation of a deed by *Creekmore* for a fee clearly constituted the unlawful practice of law.

In view of *Creekmore* v. *Izard, supra,* and *Beach Abstract & Guaranty Co.* v. *Bar Ass'n of Ark., supra,* we clearly have before us the question of whether Josephine Huett in preparing the deed for appellee was engaged in "the conduct of any business enterprise other than abstracting services. . . . ?" Since it clearly appears that Josephine Huett was engaged in the practice of law in the preparation of the deed, we have concluded, that coverage under the errors and omission policy was excluded. It follows that the trial court erred in not directing a verdict in favor of St. Paul.

Reversed and dismissed as to St. Paul.

We agree: HARRIS, C.J., and HICKMAN and HOWARD, JJ.