Jackson, et al. vs. Allen.

---

JACKSON, et al. vs. ALLEN.

1.  DEED:  *Without attesting witnesses or acknowledgment, effect of.*

A deed without attesting witnesses or acknowledgment is good and will pass the legal title as between the grantor and grantee: And if acknowledged and recorded after recovery of judgment against the grantor, but prior to a sale under execution, is good as against the purchaser at judicial sale.

Jackson et al. vs. Allen.

2. HOMESTEAD: *Lien of a judgment attaches to.*

Under the provisions of the Constitution of 1868, the lien of a judgment attached to land occupied as a homestead, and could be enforced by execution as against one who purchased from the judgment debtor.

3. JUDGMENT LIEN: *Bankruptcy, etc.*

The lien of a judgment creditor who fails to prove his debt, is not displaced by the subsequent bankruptcy of the debtor: And where a judgment debtor is declared a bankrupt, has his homestead set apart, procures his discharge, and afterward disposes of the property set apart as a homestead, it at once becomes subject to execution under the prior judgment.

4. JUDGMENT LIEN AND JUDICIAL SALE: *Effect of secret resulting trust notice, etc.*

In the absence of notice the lien of a judgment on real estate of the debtor is not affected or impaired by a trust in favor of a third person, as to whom the debtor sustained fiducial relations, whose funds were used in the purchase of the property: And the execution and recording, after recovery of judgment, of a deed in favor of such person, which recites the payment of a money consideration is no notice to a subsequent purchaser under an execution issued on the judgment.

5. PARTIES: *In Ejectment.*

Ejectment may be maintained against the tenant in possession of land or his lessee, or both. Where the tenant alone is sued, the lessor may on motion be made a party, but where no such motion is made, it is too late to object to the want of parties in a motion for a new trial.

APPEAL from *Desha* Circuit Court.

Hon. ————, Circuit Judge.

HARRISON, J:

Thos. H. Allen & Co. brought ejectment against Henry Jackson and Cyrus Jones in the Desha Circuit Court, for the lands described below, and other tracts.

In this answer the defendant below admitted that they were in possession of the northeast quarter and the north half of northwest quarter of section 22, township 8 south, range 2 west. Part of the lands described in the complaint, denied the title of plaintiffs thereto, and alleged that they held them as tenants of Irene F. Carder, who for a long time had been in possession of said lands, claiming title, and by her guardian Wm. M. Carder, leased them to defendant.

To the affirmative allegations of the answer the plaintiffs replied that the claim of the said Irene F. Carder, the alleged owner of the lands, was derived from L. A. Sullivan, through whom they claimed, and that her supposed title was subordinate and junior to theirs.

The issue was submitted to the Court sitting as a jury, and the Court found and rendered judgment in favor of the plaintiffs for the two tracts of land in controversy. A new trial was refused and the defendant excepted and appealed.

On the trial the appellees proved that on the 20th of November, 1867, they obtained a judgment against L. A. Sullivan in the Desha Circuit Court, upon which an execution was issued to the Sheriff of Desha County on the 13th of September, 1869, who, on the 29th of the same month, levied on the lands in controversy, offered them for sale on the 26th of October, 1869, and they were purchased by appellees, who obtained the Sheriff's deed therefor on the 6th of December, 1870. The judgment and deed were introduced in evidence.

Appellees also introduced a deed executed by L. A. Sullivan to Irene F. Carder, bearing date 23d September, 1867, for the northeast quarter of section 22, township 9 south, range 2 west, one of the tracts in controversy. This deed was without subscribing witnesses, but acknowledged before a Justice of the Peace on the 23d of January, 1869; filed for registration in the Recorder's office, of Desha county, on the 1st of March, 1869, and duly recorded.

Appellee also introduced a deed executed by L. A. Sullivan to Irene F. Carder, on the 23d day of January. 1869, for the north half of the northwest quarter of section 22, township 9 south, range 2 west, and another tract.

This deed was acknowledged on the day it bears date, and registered in the Recorder's office on the 1st of March following.

The appellees read in evidence the above deeds for the purpose of showing that Irene F. Carder derived title from L. A. Sullivan.

Appellants proved by Wm. M. Carder that he was the father of Irene F. Carder, a minor, that L. A. Sullivan married her grandmother, and was the guardian of witness' wife, who was the mother of Irene, had no other child and died before the 23d of September, 1867; that on that day Sullivan made, signed, sealed and delivered the deed first introduced by appellees bearing that date; that it was delivered to witness as the father and guardian of Irene; that he put it in his desk where it remained until about the time Sullivan bankrupted. Sullivan told witness that he would have to take the benefit of the bankrupt law, and that he had better have the deed acknowledged and recorded, which he did at the date shown by the certificates of the officers; that Sullivan bought the land, and other land with the money of his ward, Irene's mother; that he was largely indebted to Irene on account of money and property received as guardian of her mother, and also owed witness large sums of money; that witness desired the deed made to his daughter, and Sullivan, who was living with him at the time, named the sum of one thousand dollars as the consideration (which was recited in the deed); that the deed was *bona fide*, and was not intended as a mortgage or security, but absolute conveyance. Witness paid Sullivan some money at the time, but did not remember how much. Sullivan owed his daughter much more than the sum mentioned in the deed. The land was wild. Possession was delivered to witness for his daughter at the time the deed was first made, and he had paid taxes on the land since; that appellees had no knowledge, as far as witness knew, of the sale when they obtained their judgment.

It was admitted by both parties that in May or June, 1868, Sullivan was, on his own application, adjudged a bankrupt by the District Court of the United States for the Eastern District of Arkansas, and that James P. Clayton was duly appointed assignee, etc. That the land described in the second deed introduced by appellees was scheduled by Sullivan in schedule B1, and in schedule B5 claimed as a homestead. That in August or September, 1868, the assignee assigned and set apart to Sullivan the land as a homestead, and so reported to the District Court, and the report was approved and confirmed, and Sullivan subsequently discharged. That Sullivan placed the judgment of appellees (upon which the execution was issued and the land sold) in schedule A2, but appellees did not prove their claim in the bankrupt court, or take any steps to enforce it there. It was also admitted that Sullivan was living at Auburn, Lincoln county, on leased land.

At the instance of the appellees (plaintiffs below) the court declared the law to be, in substance, as follows.

"The judgment of plaintiffs having been rendered November the 20th, 1867, execution issued 13th of September, 1869, levied on wild land in the same county, regular sale and purchase by judgment creditors on the 26th of October, 1869, the purchaser's title is superior to that of a purchaser for value on the 23d of September, 1867, by deed duly signed, sealed and delivered, but not witnessed, acknowledged or recorded, and of which plaintiff had no knowledge at the time of judgment rendered."

This declaration of law relates to the northeast quarter of section 22, township 9, south range 2 west, embraced in the deed from L. A. Sullivan to Irene F. Carder, dated 23d September, 1867, and it involves two questions: First—Whether the deed, without attesting witnesses or acknowledgment, sealed and delivered, was valid between the grantor and grantee? and if valid

between them ; *Second*—Whether its acknowledgment and registration after appellees recovered their judgment, but before they purchased the land at the execution sale, defeated their title?

The first question was fully discussed in *Stirman et al.* v. *Cravens et al.*, 29 Ark., 548, and, without repeating the argument of that case, or sifting again the conflicting authorities there referred to, the judgment of the court is, upon the facts of this case, that the deed in question was valid between the parties to it at the time of its execution. The land was wild, it is true, but the guardian of the grantee, who was an infant, took possession of it at the time of the execution of the deed, paid subsequent taxes, and, it seems, continued in possession himself or by tenants until this suit was commenced. Had Sullivan brought ejectment for the land after the execution and delivery of the deed, before its acknowledgment, against his grantee, he could not have recovered the land. He would have been estopped by his deed.

The second question was decided in *Byers et al.* v. *Engles*, 16 Ark., 543. True, in that case the Chief Justice dissented, but he was overruled by a majority of the court, and the case having stood unreversed for about twenty years, repeatedly followed, and involving a rule relating to title of real property, we are disposed to treat it as settled law.

It follows that the court below erred in making the declaration of law above copied. The appellants asked for several declarations of law, which were contrary to that made by the court, as above copied, and which, so far as consistent with *Stirman et al.* v. *Cravens et al.*, and *Byers et al* v. *Engles*, should have been announced.

At the instance of the appellees, the court below also made the following declaration of law :

" Although land may have been claimed as a homestead, and assigned as such to a bankrupt by the assignee, if he afterward sell and abandon the same, the purchaser will not be protected as against an execution purchaser under a judgment which was a lien on the land, if sale was made within three years from day of judgment."

This declaration of law relates to the north half of the north-west quarter of section 22, township 9, south range 2 west, conveyed by L. A. Sullivan to Irene F. Carder, by deed bearing date 23d January, 1869.

In addition to the facts above stated, the court specially found that Sullivan abandoned this land as a homestead, and was not living on it when it was sold under execution and purchased by appellees.

The appellants also asked the Court to make the following declarations of law applicable to this branch of the case, which was refused.

"That if Sullivan was declared a bankrupt after the judgment and before the issuing of the execution and the assignee appointed by the bankrupt court assigned and set apart the land in question, or any part thereof as a homestead and the judgment of Thomas H. Allen & Co. was scheduled, such land was not subject to sale under an execution issued upon such judgment.

"That after a homestead is assigned and set apart by an assignee in bankruptcy, the bankrupt takes such homestead divested of all judgment liens existing at the time of adjudication of bankruptcy.

"That the bankrupt can afterward sell such homestead free of judgment liens existing at the time of bankruptcy."

The homestead clause of the Constitution of 1868, which is involved in this case was construed in *Norris et al* v. *Kidd*, 28 Ark., 485, and followed in the more recent case of *Chambers*, v. *Salle, admr.; et al,* 29 Ark., 407.

Under the theory of that case, the judgment of appellees against Sullivan was a lien upon the tract of land in controversy, though occupied and claimed by him as a homestead, and when he sold and abandoned the land as a homestead, the lien could be enforced by execution and sale, and the title of the purchasers would be superior to that of his vendee. This would be the result putting the bankruptcy of Sullivan out of view.

But it is insisted for appellants that Sullivan having been adjudged a bankrupt, the land set apart to him as a homestead by the bankrupt court, and he discharged from the judgment debt, the lien of the judgment which was an incident of the debt was extinguished and could never be enforced against the land though he sold and abandoned it as a homestead.

This proposition is not well founded. The appellees obtained their judgment against Sullivan before the bankrupt proceedings were commenced, and the judgment was a statute lien upon the land. He placed the judgment in his schedule, but the appellees did not prove their debt, or seek any satisfaction of it in the bankrupt court out of his assets.

By the final adjudication of the court he was personally discharged from the judgment, but the lien upon the land was not discharged or extinguished. Liens are not destroyed but preserved by the bankrupt act. Sec. 20, Bump. 133, 316. Freeman on Judgments, sec. 337, a.

The land in question was set apart to Sullivan as a homestead because the laws of the State secured the homestead right to him. The bandrupt act and the bankrupt court invested him with no new homestead right, but merely protected him in the enjoyment of such homestead exemption as was given to him by the state laws. After the homestead was assigned and set apart to him by the bankrupt court, the lien of the judgment of the appellees upon the homestead land could not be enforced so long as he

continued to occupy it as a family residence, either by the bank-rupt court or by the state court. He could have remained upon the land and enjoyed it as a home during his life, his wife could have held it as a home after his death during her life, and his children while minors could have remained upon it under the protection of the law, after she was gone. In the mean time the appellees could revive and keep alive their judgment lien upon the land but could not enforce it by execution so long as the land remained protected by law as a homestead, nor could the judgment have been revived or enforced against Sullivan personally, or against any property acquired by him after he was adjudged a bankrupt, he having been discharged from all per-sonal legal obligation to pay the debt, and the statute lien of the judgment on the land only remaining, and subject to be revived and continued. *Jones* v. *Leflyet et al.*, 39 Georgia 64, Bump. 396;

But after Sullivan had been finally discharged in bankruptcy, he thought proper to sell and abandon the homestead land.

The land was then no longer under the protection of the law as a homestead, and the lien of appellees' judgment being still alive and unextinguished, they had a right to enforce it by exe-cution upon the judgment, and having purchased the land at the execution sale their title was superior to that of Irene F. Carder, who purchased from Sullivan after the date of the judgment and when its lien was existing. She took the land encumbered with the lien and subject to its enforcement.

This is harmony with the theory of *Norris et al.* v. *Kidd*, in which the homestead exemption of the Constitution of 1868, was construed, and which we have followed. What may be the proper construction of the exemption clause of the present Constitution, which provides that the homestead, etc., shall not be subject to the lien of any judgment or decree, etc., must be determined when cases arise under it.

It follows that the court below did not err in making the declaration of law above copied as moved by the appellees, nor in refusing those moved by the appellants as above copied.

The appellants also moved the court to make the following declaration of law, which was refused.

"That if the land was originally purchased with the money of Irene F. Carder's mother, and the deed of Irene was properly acknowledged and recorded before sale, her title will be protected."

Passing over the loose manner in which appellant proved that Sullivan was the guardian of Irene's mother, and used money held by him in such fiduciary capacity in purchasing lands, etc., and passing over the further fact that this is a suit in a court of law, and not in a court of equity, where trusts and the misappropriation of trust funds are appropriately looked into, it is sufficient to say of the above proposed declaration of law, that it was not proven that appellees had any notice when they obtained their judgment, or when they purchased the land at execution sale, that Sullivan had purchased the land with money belonging to his ward. The second deed made by Sullivan to Irene was executed after the lien of the judgment of appellees attached. True it was recorded before they purchased, but that did not displace their lien, and there was nothing on its face to indicate that Sullivan had purchased the land with trust funds, or that he conveyed it to Irene in payment of a trust debt. It recited as the consideration of the sale, sixteen hundred dollars in hand paid by Irene to Sullivan.

It was objected by appellant for the first time in their motion for a new trial, that Irene F. Carder was not made a party defendant to the suit.

The appellants were in possession of the lands as tenants of Irene. The appellees had the right to sue the tenants or the

lessor, or both, and the lessor might have been made defendant, on her motion, or the motion of her guardian. Gantt's Dig., Title Ejectment.

The objection was not well taken.

The result is that the appellees rightfully obtained judgment for the north half of the northwest quarter of section 22, etc., but were not entitled to recover the northeast quarter of section 22, etc.

The judgment must be reversed, and the cause remanded for further proceedings.