ROBERTSON *v*. ROBINSON.

Opinion delivered September 28, 1908.

HUSBAND AND WIFE—TENANCY BY THE ENTIRETY—SURVIVORSHIP.—A deed
to a husband and wife jointly conveys an estate by the entirety,
with right of survivorship in the survivor.

Appeal from Jefferson Chancery Court; *John M. Elliott,*
Chancellor; affirmed.

*Taylor & Jones,* for appellant.

1.    Even if Mary Ann Robertson really signed the deed by
mark (which we deny), her mental and physical condition was
such as to prevent her from intelligently comprehending and
fully understanding what she was doing.   70 Ark. 166.

2.    The evidence does not support the finding as to the deed
from Winstead of an estate in entirety.

3.    By putting the title in his wife instead of his own name
he is estopped.   73 Ark. 289; 36 *Id.* 586.

*Austin & Danaher,* for appellee.

1.    The evidence fully sustains the finding of the chancellor,
and this court will not disturb it.

2.    Old age and failing health and failure to recollect or
understand certain transactions will not alone invalidate a deed.
There must be fraud or incapacity, etc.   27 Ark. 166.

McCULLOCH, J.   This is a suit in chancery instituted origin-
ally by Mary A. Robertson against David A. Robinson, the
husband of her deceased daughter, Hannah T. Robinson, to can-
cel a conveyance of certain lots in the city of Pine Bluff, Arkan-
sas.   The conveyance was executed after the death of Hannah
T. Robinson, and the plaintiff claimed title by inheritance from
her said daughter.   She alleged in the complaint that by reason
of extreme age she was infirm in body and mind, and was men-
tally incapable of executing the conveyance, and also that there
was no consideration for the conveyance.   She died during the
pendency of the suit, and it was revived in the name of her two
children.   The lots in controversy were formerly owned by one
Jennie Winstead, who died many years ago, leaving surviving her
husband, S. L. Winstead, and child, who died without issue.

After the death of his wife, Jennie, S. L. Winstead executed

two deeds purporting to convey the property in controversy to Hannah T. Robinson, but there was testimony tending to establish the fact that Jennie Winstead executed and delivered a deed to David A. and Hannah T. Robinson conveying the property to them jointly as tenants by the entireties. This deed was never recorded, and it is claimed that it was accidentally destroyed by fire.

The chancellor found that this deed was duly executed and delivered by said Jennie Winstead, and we cannot say that this finding is unsupported by the testimony. Appellee himself testifies that Jennie Winstead executed and delivered the deed just before her death, and his testimony is not contradicted, though its force is weakened by his subsequent conduct in accepting a conveyance of the same property to his wife from S. L. Winstead after the death of his wife, Jennie. As S. L. Winstead had no title to convey, appellee is not estopped to dispute his wife's title under those deeds. *Walker* v. *Helms*, 84 Ark. 414.

The finding of the chancellor is not against the preponderance of the testimony, and we will therefore not disturb it. Under this conveyance, the title passed to appellee and his wife, Hannah T., as tenants by the entireties, and by the right of survivorship the entire estate vested in him at the death of his wife. *Branch* v. *Polk*, 61 Ark. 388.

It is therefore unnecessary for us to pass upon the question of Mary A. Robertson's capacity to execute a conveyance to appellee. The title being already vested in him, nothing passed by the conveyance. Nor is it important to consider what estate in the property—whether for life or in fee simple—Mary A. Robertson would have inherited from her daughter, Hannah T. Robinson, if the latter's estate had been in fee instead of in entirety under the deed from Jennie Winstead to her and her husband.

Decree affirmed.