## COLE *v.* COLLIE.

## Opinion delivered November 12, 1917.

DEEDS—REPUGNANCY BETWEEN GRANTING AND HABENDUM CLAUSES.—
A deed is void where the habendum is irreconcilably repugnant
to the granting clause.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*I. J. Matheny,* for appellant.

1.   While the deeds are not written in the best of language, the exceptions are sufficient to retain the mining interests in John W. Cole and his heirs. The grant and reservation are not repugnant. The intention of the parties should be ascertained and carried out. 8 Rul. Case Law 1037; 53 Ark. 185.

*Samuel M. Casey,* for appellee.

1.   The reservation is not sufficient. It is ambiguous and repugnant to the granting clause and void. The deed conveyed an absolute estate in fee. Brewster on Convey., § § 119, 127; 92 Ark. 570; 112 *Id.* 522. See also, 111 Am. St. Rep. 767, 770 and note; 110 *Id.* 873; 94 Ark. 615; 93 *Id.* 5; 82 *Id.* 209; 78 *Id.* 230.

McCULLOCH, C. J.   This is an action instituted by appellants to recover the mineral interests in certain land alleged to have been reserved in a deed executed by their ancestor to the remote grantor of appellees.

The question presented is whether or not the alleged reservation of mineral interests is operative, or whether, on the contrary, it is repugnant to the grant, and, therefore, void. The granting clause of the deed recites that the grantor, John W. Cole, and his wife, Elizabeth Cole, in consideration of the certain sum of money mentioned "do hereby grant, bargain, sell and convey unto the said James J. Lewis, and unto his heirs and assigns forever, the following lands," the description of which then follows. The habendum clause and the clause stating the alleged reservation are as follows:

"To have and to hold the same unto the said James J. Lewis and unto his heirs and assigns forever with all appurtenances thereto belonging with the privilege of working same, and we except the manganese and lithograph claim, hereby covenant with the said James J. Lewis that we will forever warrant and defend the title to said lands against all lawful claims whatever."

The reservation is couched in ambiguous language, but, even if it were more definite, it is irreconcilably repugnant to the granting clause of the deed, and is, therefore, void. *Carl Lee* v. *Ellsberry,* 82 Ark. 209. In subsequent cases a distinction was pointed out as to deeds which do not contain in the granting clause express words of inheritance. *Fletcher* v. *Lyon,* 93 Ark. 5; *McDill* v. *Meyer,* 94 Ark. 615.

The present case falls squarely within the rule announced in *Carl Lee* v. *Ellsberry, supra,* and the circuit court was correct in its decision. Affirmed.