### DENNIS v. DENNIS.

Opinion delivered February 27, 1922.

1. REFORMATION OF INSTRUMENTS—MISTAKE.—Though the name of the plaintiff's husband did not appear in a contract to convey land to plaintiff, for which she furnished the consideration, yet

where, with her knowledge and consent, the deed was executed to her and her husband, equity will not reform the deed so as to convey title to her alone.

2. HUSBAND AND WIFE—ESTATE BY ENTIRETY.—The common-law doctrine of estates by entirety has not been abolished by the married women's enabling acts.

3. HUSBAND AND WIFE—ESTATE BY ENTIRETY.—Though a deed to plaintiff and her husband named other grantees, this did not affect the estate by entirety in the undivided interest conveyed to plaintiff and her husband.

4. HUSBAND AND WIFE—ESTATE BY ENTIRETY—INTEREST OF HUSBAND.—Where a husband and wife have an estate by entirety in land, the husband has such interest as may be mortgaged.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; affirmed.

*Carmichael & Brooks*, for appellant.

Gertrude Dennis and Alicia Watkins were the only parties to the contract. One does not acquire rights under a contract to which he was not a party, simply by signing the contract. Anson on Contracts, p. 273; 127 Am. St. Rep. 77; 119 Fed. 191; 19 Am. St. Rep. 517. Therefore, the husbands of these parties obtained no rights under the contract to be named as grantees in the deed. In sales of real estate it is absolutely essential that the parties be named. 11 L. R. A. 143; Elliott on Contracts, vol. 2, sec. 1306, p. 550; Page on Contracts, vol. 2, p. 1022, sec. 698; Underhill on Landlord and Tenant, vol. 1, p. 341; 119 Fed. 191. The deed was not in keeping with the contract, and the name of Griffin Dennis was inserted by mistake.

The grantees in the deed were tenants in common. A husband and wife cannot take an estate by the entirety. While this question has not been directly decided by this court since the passage of the act of Feb. 11, 1919, the following cases from other States bear on the question. 84 N. W. 92; 43 Am. St. Rep. 768; 156 Pa. St. 628; 36 Am. St. Rep. 64. See also, 13 R. C. L. sec. 126, p. 1103.

An estate by the entirety cannot be created without the parties intended to create such estate. Devlin on

Deeds, vol. 1, sec. 117. A court of equity may correct it where the husband's name was inserted by mistake in a deed. Sec. 119 Devlin on Deeds.

*Mehaffy, Donham & Mehaffy* and *Saye & Saye,* for appellee.

Appellee and Sim Watkins signed the contract as parties of the second part, and also signed the notes called for under the contract. One who signs a contract, though not named in the body thereof as a party, is liable as a party thereto. 123 N. Y. S. 231; 16 Pac. 713; 77 S. E. 353; 177 S. W. 1091. He is presumed to have intended to bind himself. 128 Mass. 135; 2 Denio (N. Y.) 135.

The recent case in 227 S. W. 1, decided by this court, settles the contention against appellant that an estate by entirety can be created under the present laws of this State. The burden was upon appellant to show that the mistake was mutual, which resulted in the deed conveying to them an estate by entirety. 134 Ark. 152; 60 Ark. 304; 71 Ark. 614. Such evidence must be clear, unequivocal and decisive. 75 Ark. 72; 79 Ark. 592; 81 Ark. 166.

Appellant is estopped to deny appellee's interest in the lands in so far as it affects the intervener's right, since she has stood by and allowed him to use the property as he saw fit during all these years. 218 S. W. 177; 62 Ark. 26; *Desha Bank & Trust Company* v. *Doran,* 147 Ark. 174.

McCulloch, C. J. Appellant instituted this action in the chancery court of Pulaski County, praying for the reformation of a deed conveying a certain tract of land to herself and her husband and other persons. Her husband was one of the defendants, and he and his mortgagee, who intervened in the action, are the appellees. The rights of the other parties to the suit have passed out of the litigation, and the present appeal concerns the respective rights of appellant and her husband, one the appellees, and the latter's mortgagee.

The deed sought to be reformed is one which was executed to appellant and her husband and her sister and the latter's husband, as grantees. The reformation sought is to strike out the name of appellant's husband, Griffin Dennis.

The land now in litigation was inherited by appellant from her father, and another part of the land embraced in the deed has passed out of the controversy. Appellant and her sister, Alice Watkins, inherited 80 acres of land from their father, and this is the land in controversy. They purchased another tract of 80 acres in the same quarter-section from one Kay and executed a mortgage on that tract and the inherited tract. The mortgage was foreclosed, and at the sale Mr. H. S. Turner purchased the land for the price of $4,160. The sale was confirmed, and commissioner's deed was made to Turner. Turner purchased the land at the request of appellant and her sister, and there was an understanding that he would give them an opportunity to repurchase the land at the sum of $5,000. Immediately upon receipt of the deed Mr. Turner entered into a written contract with appellant and her sister in accordance with his verbal promise to them. The contract was prepared by an attorney, and in the body of the writing only the names of appellant and her sister were mentioned. The two women with their husbands were present on the occasion, and at the suggestion of the attorney who prepared the instrument the two husbands joined in it by attaching their signatures. There is a slight conflict in the testimony as to what was said on that occasion, but the testimony establishes the fact that the husbands signed the contract at the suggestion of the attorney that they should do so for the reason that they were interested and would have control of the property. Subsequently the parties were unable to pay the purchase price, and they transferred their rights to a kinsman, R. H. Cunningham, to the 80-acre tract purchased from Kay, and Cunningham paid one-half of the price to Turner. The re-

mainder of the payment was made by the two women and their husbands, and upon the payment of the full price to Mr. Turner he executed and delivered a deed conveying the property to appellant and her husband, naming him as her husband, and to her sister, Alice Watkins, and her husband Sim. Subsequently, Sim Watkins conveyed all of his interest to his wife, Alice. The parties then divided the land among themselves (without deeds) by setting off 80 acres to Cunningham's estate and dividing the other 80 by giving a 40-acre tract to Alice Watkins and the remaining 40 to appellant and her husband, Griffin Dennis.

The contention of appellees is that the deed of H. S. Turner conveyed to appellant and her husband Griffin an estate by the entireties, and the contention of appellant is that the deed should be reformed for the reason that her husband Griffin was not a party to the purchase from Mr. Turner, and that his name was included in the conveyance by mistake.

We have examined the testimony carefully, and we are of the opinion that the finding of the chancellor to the effect that there was no mistake made in the execution of the deed was not against the preponderance of the testimony. The parties present at various conversations testified with respect to what was said and done when the original contract with Mr. Turner was executed, and also when the deed was executed and delivered. While the names of Griffin Dennis and Sim Watkins, the two husbands, did not appear in the body of the original contract, it is clear that they signed their names to the contract in the presence of their wives, and with the intention of all parties that they should become parties in interest in the contract. The evidence also tends to show that they had control of the property, and that they assisted in making payments of the price, and that when the deed was executed their names were included with the knowledge and consent of the two women. They accepted the deeds with the knowledge that the convey-

ance had included their husbands as grantees. This being true, a court of equity should not grant a reformation.

It is also contended by learned counsel for appellant that under the present statutes of this State completely emancipating married women from former disabilities of coverture, there is no such thing as the creation of an estate by the entirety. We have, after careful consideration, decided that question against the contention of counsel, and held that none of the statutes on this subject destroy the common-law doctrine of the creation of estates by entirety. *Union & Mercantile Trust Co.* v. *Hudson,* 147 Ark. 7; *Parrish* v. *Parrish,* 151 Ark. 161.

The fact that other grantees were named in the deed does not destroy the effect in creating an estate by the entirety so far as concerns the undivided interest conveyed to appellant and her husband. In such a conveyance the husband and wife are regarded as one person and take, not as joint tenants, but as tenants by entirety of the share which they together hold as tenants in common with the other grantees named. 13 R. C. L. 126; *Hall* v. *Stephens,* 65 Mo. 670.

The chancery court having properly refused to reform the deed, it follows that there was conveyed to appellant and her husband a joint estate with the right of survivorship, and that the husband had the power to mortgage his interest therein.

Decree affirmed.