RYAN v. ROOP.

4-8756                                          217 S. W. 2d 916

Opinion delivered February 21, 1949.

Rehearing denied March 21, 1949

700

*Claude B. Brinton,* for appellant.

*Rowell, Rowell & Dickey,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, A. L. Ryan, and appellee, Cordie Ryan Roop, were married in 1907 and lived together until 1939. No children were born of the marriage. In 1943, appellant instituted a suit for divorce from appellee in Craighead Chancery Court. At that time the parties owned lot 6, block 7, Cockerell's Addition North to the City of Pine Bluff, Arkansas, as tenants by the entirety. In settlement of property rights between the parties in the divorce suit, appellant conveyed the lot in Pine Bluff to appellee by quitclaim deed on March 27, 1944.

On April 19, 1944, appellant was granted a divorce from appellee in the Craighead county suit on the ground of three years' separation without cohabitation, the decree reciting that there were no property rights to be adjudicated between the parties. Upon execution of the deed appellee had it recorded, took possession of the property and has since paid taxes and collected the rents thereon.

On March 16, 1948, appellee, who had remarried, instituted this suit in the Jefferson Chancery Court to quiet and confirm her title to the lot in question as against the appellant. The chancellor found in favor of appellee and held that the deed of March 27, 1944, had the effect of divesting appellant of all right, title and interest in the property, and he has appealed.

The only question presented is whether a husband can convey directly to the wife his interest in an estate held by them as tenants by the entirety.

In *Moore* v. *Moore,* 170 Ark. 1194, 281 S. W. 657, the court held that a conveyance by husband to his wife and minor children of land, title to which was in himself and wife, with the consent and approval of the wife, was valid, without the wife joining in the deed. The court said in the opinion on rehearing: ''Counsel for appellant earnestly insist that a rehearing should be granted as to one 80-acre tract of land, on the ground that it was an estate by the entirety, and that neither the husband nor the wife could dispose of any part of it without the consent of the other, and that the whole of it must remain to the survivor. They rely upon our decisions to the effect that an estate by the entirety is the product of the common law, and is not affected by our Married Women's Property Acts. *Union & Mercantile Trust Co.* v. *Hudson,* 147 Ark. 7, 227 S. W. 1; *Parrish* v. *Parrish,* 151 Ark. 161, 235 S. W. 792; *Dennis* v. *Dennis,* 152 Ark. 187, 238 S. W. 15. These cases, however, relate to conveyances made to third persons, and do not fall within the facts of the case at bar.

''Here the conveyance was made directly to the wife and minor children of the parties, with the consent and approval of the wife. She accepted the deed, filed it for record, and took charge of the property embraced in it for the joint benefit of herself and minor children. By analogy in *Polk* v. *Stephens,* 126 Ark. 159, 189 S. W. 837, it was held a conveyance of the homestead by the husband to his wife and children, without the wife joining in the deed, was valid, where the conveyance was approved and accepted by her.''

In the recent case of *Sandidge* v. *Sandidge,* 212 Ark. 608, 206 S. W. 2d 755, a deed from husband to wife conveying lands to which he had fee title was held effective to convey his entire interest therein under Ark. Stats. (1947), § 50-413, which is § 1 of Act 86 of 1935. We there discussed cases now relied on by appellant like *Wilkerson* v. *Powell,* 173 Ark. 33, 291 S. W. 799, which held that a deed of land by a husband to his wife conveyed only an equitable title, the legal title remaining in the husband, as passive trustee, by reason of his

curtesy right. We held in the Sandidge case that this rule was changed by § 50-413, *supra,* which provides that an instrument affecting title to real property executed by one spouse to the other conveys the grantor's entire interest recited therein.

It is held generally that a husband may by direct conveyance transfer to his wife his interest in an estate by the entirely. This rule has been followed even in jurisdictions where neither spouse can convey any interest in such an estate without the consent of the other, on the theory that such consent is to be implied from the grantee spouse's acceptance of the conveyance. It is likewise held that a husband may convey his interest in the entirety estate to his wife under statutes authorizing conveyances between the spouses. 41 C. J. S., Husband and Wife, p. 607; 26 Am. Jur., Husband and Wife, § 257. The former rule in this state that a conveyance directly from husband to wife conveyed only an equitable title ordinarily necessitated use of the common law device of a conveyance through a third person. This rule was changed by the 1935 act which is all inclusive in its terms and authorizes conveyances between spouses of any interest in real property. The deed of March 27, 1944, divested appellant of any further title or interest in the lot in question.

Cases are also cited by appellant which hold that an estate by the entirety once granted to husband and wife cannot be enlarged or abridged by subsequent legislation. The 1935 statute deals with the method or manner of transfer by one spouse to another of any interest in realty and does not enlarge or modify the entirety estate.

It follows that the decree quieting and confirming appellee's title to the property as against appellant is correct. It is accordingly affirmed.