JOHNSON *v.* JOHNSON.

5-3131                                              372 S. W. 2d 598

Opinion delivered December 2, 1963.

*Richard W. Hobbs,* for appellant.

*Lookadoo, Gooch & Lookadoo,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Lewis P. Johnson, age about 50 years, is now and has been for a long time, engaged in the florist business in Hot Springs. Appellee, Virginia Kathleen Sturgis Johnson, age 40, has been a lifelong resident of Arkadelphia. In the Fall of 1962 the parties considered marriage. Virginia's father opposed the marriage; he did not think that in the circumstances she was capable of looking after her property. She had considerable assets in a trust that was being administered by trustees, but she also had about $40,000.00 in a savings account. Mr. Sturgis, in an effort to prevent the marriage, had himself appointed guardian of his daughter, but he did not succeed in stopping the marriage. Appellant and appellee were married November 21, 1962. A short time thereafter, Mr. Sturgis had the guardianship dissolved.

About 30 days after the marriage, for the consideration of $32,500.00, paid from her savings account, appellee bought a home in Hot Springs. At her instance, both she and her husband were named as grantees in the deed. Appellee also bought about $8,000.00 worth of furnishings for the house. The parties then went on a trip to California. While on this trip Virginia learned that she was the victim of a cruel hoax; that appellant had married her merely for financial reasons.

To her horror appellee discovered that appellant had perpetrated a grievous fraud; that the man who had taken her as his wife, professing his love and affection,

was not in love with her at all, but was actually in love with a man; she found love letters the men had written to each other. Upon making this discovery she left appellant promptly, while on the wedding trip, and filed this suit in less than 60 days after the date of the wedding, alleging the indignities that had been heaped upon her. She proved her cause of action. Although appellant contested the action he did not testify. Appellee was granted a divorce, and the decree provides that appellant's name be stricken from the deed to the above mentioned real property.

On appeal appellant makes no contention that the trial court made an error in granting the divorce, but claims that he should be allowed to keep an interest in the property the appellee so generously placed in his name. He contends that since the property had been conveyed to both parties, resulting in an estate by the entirety, the chancery court could only cause the land to be sold and the proceeds divided, and relies on Ark. Stats. 34-1215. This statute is applicable where a valid estate by the entirety has been created. It has no application in a case of this kind where one of the parties fraudulently caused his name to be added to the deed. The court said in *Tuyls* v. *Tuyls,* 171 N. E. 2d 779 (1961): "Equity and good conscience require that a person shall not profit by his own wrong, and if it appears that the property came to the marriage by the sole efforts of the innocent mate and that the rights of third parties have not intervened, he or she may be entitled to its return without regard to who holds legal title." In the case at bar it does not appear that any third party is affected by the decree.

Appellant is in the same position he would have been if appellee had owned the property in her name and had executed a deed setting up an estate by the entirety, which she could have done under the provisions of Ark. Stats. 50-413, as construed in *Ebrite* v. *Brookhyser,* 219 Ark. 676, 244 S. W. 2d 625. Certainly such a deed could be set aside on the grounds of fraud, there being no doubt that deeds can be set aside for that reason. We said in

*Hanson Motor Co.* v. *Young,* 223 Ark. 191, 265 S. W. 2d 501: ''Whether fraud existed in procuring a person to sign or become a party to a written instrument is ordinarily a fact question for the jury. *Winter Park Tel. Co.* v. *Strong,* 130 Fla. 755, 179 So. 289. While fraud is never presumed, the law requires good faith in every business transaction, and does not allow one party to intentionally deceive another by concealment or false representations. *Sanders* v. *Berry,* 139 Ark. 447, 214 S. W. 58. The duty of disclosure also arises where one person is in position to have and to exercise influence over another who reposes confidence in him whether a fiduciary relationship in the strict sense of the term exists between them or not. 23 Am. Jur., Fraud and Deceit, § 81. In *Stewart* v. *Clark,* 195 Ark. 943, 115 S. W. 2d 887, this court held that an act done or omitted which may be construed as fraud because of its detrimental effect, may justify the setting aside of a contract or deed irrespective of moral guilt.'' And, in *Jackson* v. *Smith,* 226 Ark. 10, 287 S. W. 2d 571, we said: ''That the deed from Mrs. Collins and Mrs. Jackson to Mr. Smith and Mr. Norvell is within the 'family settlement' rule is too clear to admit of doubt. *Pfaff* v. *Clement,* 213 Ark. 852, 213 S. W. 2d 356, is complete authority for such conclusions. But even as a 'family settlement', the deed cannot be upheld if the evidence shows that either fraud or imposition was practiced.''

Appellant cites several cases touching on the authority of the chancery courts of this state to dissolve an estate by the entirety, but none of the cases are in point; they do not deal with a situation where an estate by the entirety has been brought about by fraud practiced by one of the parties.

Affirmed.